REMAND/JS-6
**RUSH**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 15-5855-GW(RAOx) | Date | August 4, 2015 |
| Title | NBG Properties, LLC v. Fred D. Dorton | Page | 1 of 3 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) – RULING ON PLAINTIFF'S EMERGENCY APPLICATIONTO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant Fred D. Dorton ("Defendant" or "Dorton") removed this unlawful detainer action from state court on August 4, 2015. *See* Notice of Removal, Docket No. 1. Later that same day, Plaintiff NBG Properties LLC ("Plaintiff") filed, *ex parte*, an Emergency Application to Remand for Lack of Subject Matter Jurisdiction. *See* Docket No. 6. For the reasons stated herein, the Court GRANTS Plaintiff's application and REMANDS this case to Los Angeles Superior Court forthwith.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove to federal court any action over which it has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, courts strictly construe the removal statute against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the propriety of removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). The removing defendant bears the burden of establishing that removal is proper. *Id.*

As an initial matter, Defendant's removal was untimely. A defendant must file a notice of removal to federal court within 30 days of being served. 28 U.S.C. § 1446(b). Plaintiff originally filed this suit against Defendant in Superior Court on May 18, 2015, alleging one

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-5855-GW(RAOx)** | Date | August 4, 2015 |
| Title | *NBG Properties, LLC v. Fred D. Dorton* | Page | 2 of 3 |

claim for unlawful detainer pursuant to Cal. Civ. Proc. Code §§ 1161 and 1161a. *See* Complaint for Unlawful Detainer attached to Notice of Removal, Docket No. 1-2. Defendant was served on May 27, 2015. Decl. of Ronald Richards, Esq., Docket No. 6, at 5 ¶ 8. Defendant filed the Notice of Removal on August 4, 2015, more than 30 days after he was served with the complaint. Accordingly, Defendant's removal was untimely, and the Court could remand the case on that ground alone.

However and more importantly, Defendant has not established that the Court has subject matter jurisdiction over this case. The sole basis for Defendant's removal is purportedly the existence of federal question jurisdiction. *See* Notice of Removal at 1:23 ("Defendant is entitled to removal based on federal question jurisdiction . . . ."). Defendant claims that Plaintiff and its agents engaged in violations of federal RICO statutes as to which the present unlawful detainer action is a part. *Id.* at 1-7. He also states that "An action pending in the United States District Court, Central District of California, entitled Fred D. Dorton v. NBG Properties, LLC et. al., asserts one cause of action, for RICO violations, centering on the same issues of the right to title and ownership of the property located at 4006 West 59th Place, Los Angeles, CA 90043, surrounding NBG PROPERTIES, LLC, [sic] ongoing scheme and artifice to defraud homeowners by taking title and possession to properties in support of its racketeering enterprise in violation of federal law."[1] *Id.* at 5:28-6:6. Defendant contends that, because the present unlawful detainer action is part of a RICO scheme and because he had earlier filed a federal action covering that RICO violation, removal of the state unlawful detainer action is proper under 28 U.S.C. § 1441(a). Defendant is obviously mistaken.[2]

---

[1] According to the CM/ECF records of this Court, the only RICO case brought by Defendant against Plaintiff concerning defrauding homeowners/unlawful detainers is *Dorton v. NBG Properties, LLC*, Case No. CV-15-02552-FMO-MRW. However, that case was voluntarily dismissed by Dorton on June 22, 2015. *See* Docket Nos. 36 and 39 in Case No. CV-15-02552-FMO-MRW.

[2] In all likelihood, Dorton is well aware that his contentions herein are wrong because he previously removed a prior unlawful detainer case involving the same Plaintiff and the same property on the same grounds. *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-5855-GW(RAOx)** | Date | August 4, 2015 |
|---|---|---|---|

| Title | *NBG Properties, LLC v. Fred D. Dorton* | Page | 3 of 3 |
|---|---|---|---|

  The well-pleaded complaint rule provides that federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's complaint. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In the present case, the complaint does not raise a federal question on its face. The complaint alleges one claim for unlawful detainer, brought pursuant to California law. Plaintiff does not allege any cause of action under federal law. Federal courts do not have subject matter jurisdiction over state unlawful detainer actions. *See, e.g.*, *Fed. Nat. Mortgage Ass'n v. Enshiwat*, 2012 WL 683106, at *1 (C.D. Cal. Mar. 2, 2012) ("the law is clear that unlawful detainer actions are strictly within the province of state court" (citations and internal quotation marks omitted)); *Bank of Am., Nat. Ass'n v. Sims*, 2011 WL 2437458, at *2 (C.D. Cal. June 17, 2011) (remanding unlawful detainer case to state court); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) (same). Defendant argues that, because he filed a separate suit against Plaintiff in federal district court alleging a RICO violation, the claims in the two cases should be "joined" and the Court would have subject matter jurisdiction over the consolidated case. *See* Notice of Removal at 5-6. However, federal jurisdiction cannot be predicated on a federal defense or a counterclaim. *Vaden*, 556 U.S. at 60. Furthermore, the Court may not exercise "supplemental jurisdiction over free-standing state law claims that are related to a separate action over which the court has jurisdiction." *Wescom*, 2011 WL 4916578, at 2. Therefore, Defendant has not established any basis for federal question jurisdiction herein.

  For the foregoing reasons, the Court finds that Defendant has not satisfied his burden to establish that the Court has subject matter jurisdiction over this case and, hence, REMANDS this action back to the Los Angeles Superior Court forthwith.

---

*NBG Properties LLC v. Fred D. Dorton et al.*, Case No. CV-15-02500-SVW-FFM. On April 27, 2015, Judge Stephen V. Wilson issued an order remanding the case back to state court for reasons similar to those delineated herein. It appears that Dorton is attempting to "game" the system.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk JG |
|---|---|---|